Voorhees *v.* Wait.

---

## ROBERT VOORHEES v. JOHN WAIT.

Infancy is a personal privilege, of which, no one can take advantage, but the infant himself; and therefore though the contract of the infant be voidable, it shall bind the person of full age.

This was a *certiorari* directed to the Court of Common Pleas of the county of Middlesex, to remove a judgment of that court, rendered on the trial of an appeal from a Justice's Court. The facts of the case will be found stated in the opinion of this court, delivered by Justice RYERSON.

*C. L. Hardenbergh,* for plaintiff in *certiorari.*

*W. H. Lupp,* for defendant.

RYERSON, J. The plaintiff in this court was also the plaintiff in the courts below. It appears he was an orphan under age, living with his mother. And while yet a minor, contracted with the defendant, to work with him, for certain wages, and to be instructed in a trade, till the age of twenty-one, if the parties should so long agree. Under this agreement, he worked for the defendant some time, and then left him. The defendant refused to pay him the stipulated wages, and after the plaintiff became of full age, this action was brought. Upon this state of facts, the Court of Common Pleas non-suited the plaintiff, on the objection, that, he being under age when the contract was made, the defendant was not bound by it.

I am of opinion, the court below erred. " Infancy is a personal privilege, of which no one can take advantage but the infant himself; and therefore, though the contract of the infant be voidable, it shall bind the person of full age." It is therefore unnecessary to inquire how far the infant could bind *himself* by such a contract, as the case discloses. It is very clear, the other party is bound. *Bac. Ab. Tit. Infancy and age*, J. 4. *Com. on contract*, 1 vol. 152; 3 *Mod.* 248; 1 *Mod.* 51; 2 *Strange*, 937; *Pen.* 1049. And even if this principle did not apply to the case before the court—if the *express* contract were void, still the plaintiff is entitled to recover a reasonable compensation for the work and labour done.

The judgment of the Common Pleas ought, therefore to be reversed, and the cause sent back for a re-trial.

CHIEF JUSTICE and FORD, J. concurred.

*Judgment reversed.*

CITED in *Snediker* v. *Everingham, 3 Dutch.* 148.